IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joshua Juston Seibles, | ) | C/A No.: 1:13-2810-TLW-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| J.E. Thomas, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Joshua Juston Seibles, proceeding pro se, is a federal inmate incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. He submitted this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the amended petition in this case without prejudice.

I.     Factual and Procedural Background

Petitioner alleges that prosecutorial misconduct in his federal criminal proceedings resulted in a denial of due process. [Entry #8 at 1]. Petitioner further complains that the prosecutor failed to present evidence regarding Petitioner's sentence enhancements to a jury in violation of the Sixth Amendment. *Id.* Petitioner asks this court to vacate his judgment and sentence and immediately release him from prison. *Id.* at 3.

A review of Petitioner's criminal case reflects that he entered a guilty plea to firearm and drug offenses in this court on July 31, 2007. *See United States v. Seibles*, C/A No. 3:07-cr-461-MBS-1 (D.S.C. Apr. 4, 2007) ("Criminal Action"). The court sentenced Petitioner to concurrent sentences totaling 151 months on January 29, 2009. [Criminal Action, Entry #62]. Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 on March 18, 2013, which the court denied on June 18, 2013. [Criminal Action, Entry #68, #89].

II.   Discussion

   A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

> B.    Analysis
>
>> 1.    Failure to file in the proper district court

District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Therefore, the proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citation omitted). Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," generally in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442–43 (citation omitted).

In the present case, Petitioner is confined in Lewisburg, Pennsylvania. As this court lacks personal jurisdiction over Petitioner's custodian, the case it is recommended for summary dismissal. *See United States v. Poole*, 531 F.3d 263, 271 (4th Cir. 2008) ("The rule governing jurisdiction naturally follows from the 'immediate custodian rule': a district court properly exercises jurisdiction over a habeas petition whenever it has

3

jurisdiction over the petitioner's custodian."); *see also Kanai v. McHugh*, 638 F.3d 251, 258 (4th Cir. 2011) (concluding that "phrase 'within their respective jurisdictions' in § 2241(a) identifies the proper location of the federal district in which a habeas petition should be filed").

     2. Transfer to the proper district court would not further the interests of justice

A district court should transfer a habeas petition to the proper district court, if such transfer would further the interest of justice. *See* 28 U.S.C. § 1631. However, transfer of a case is not mandatory, *see Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004), and a "district court retains discretion to dismiss a wrongly filed petition" where transfer would waste judicial resources. *United States v. McNeill*, No. 12-6129, 2013 WL 1811904, at *5 (4th Cir. May 1, 2013). As explained below, even if the instant action had been properly filed in this court, it would still be subject to summary dismissal. Thus, transfer of this case to the United States District Court for the Middle District of Pennsylvania does not promote the interest of justice.

     a. A challenge to a federal conviction is properly brought pursuant to 28 U.S.C. § 2255

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). In this case, Petitioner seeks relief from his federal sentence and conviction. Thus, the relief he requests is only available, if at all, under § 2255, unless that statute is

4

shown to be inadequate and ineffective to test the legality of the Petitioner's detention. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

> b. Petitioner does not demonstrate that § 2255 would be inadequate or ineffective to test the legality of his detention

To challenge his federal conviction and sentence under § 2241, Petitioner must satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001); *Ennis v. Olsen,* 238 F.3d 411 (4th Cir. 2000). In the present case, Petitioner has unsuccessfully challenged his sentence under § 2255. *See United States v. Seibles*, C/A No. 3:07-461, 2013 WL 3108881 (D.S.C. June 18, 2013), *aff'd in part, appeal dismissed in part* 2013 WL 5228217 (4th Cir. Sept. 18, 2013). However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Additionally, Petitioner fails to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. In *In re Jones*, the court held that a petitioner must show that

5

"(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d at 333−34. In this case, Petitioner provides no facts to demonstrate that the conduct for which he was convicted has been deemed non-criminal by any substantive law change. Therefore, Petitioner's claims are insufficient to invoke the savings clause embodied in § 2255.

    c. Petitioner has not demonstrated exhaustion of administrative remedies

Although § 2241 itself does not contain an exhaustion requirement, courts typically require a federal prisoner to exhaust his administrative remedies before bringing a claim under that statute. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490 (1973) (requiring exhaustion in a § 2241 action); *McClung v. Shearin*, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)); *see also* 28 C.F.R. § 542.10. In the instant case, Petitioner fails to allege or demonstrate exhaustion of any administrative remedies prior to filing this action.

III. Conclusion and Recommendation

Accordingly, it is recommended that the amended petition in the above-captioned case be dismissed without prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 6, 2013                              Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).